Honorable Alex Deccio State Senator, 14th District P.O. Box 40414 Olympia, WA 98504-0414
Dear Senator Deccio:
This letter responds to your request for an opinion with regard to the following question:
 When a city or county council or council members are invited to attend a public meeting not called by the city or county council, is it legal for a quorum of such members to be present without violating the Open Meeting law?
 BRIEF ANSWER
The presence of a quorum of members of a city or county council does not, of itself, cause the Open Public Meetings Act to apply if council members attend a public meeting called by a third party. The gathering of council members would be a "meeting" for purposes of the Act only if the council members take "action" as defined in the Act, such as voting, deliberating, or other official business of the council. Assuming the Act applied, it would not be violated if the council has followed the advance notice requirements and treated the gathering as a special meeting.
 ANALYSIS
The Open Public Meetings Act (the Act) applies to all meetings of a governing body of a public agency. RCW 42.30.030 provides the core requirement of the Act:
 [original page 2] All meetings of the governing body of a public agency shall be open and public and all persons shall be permitted to attend any meeting of the governing body of a public agency, except as otherwise provided in this chapter.
(Emphasis added.)
City and county councils, as well as numerous other types of state and local multi-member boards, are "governing bodies" of "public agencies" within the meaning of the Act. RCW 42.30.020(1) (defining "public agency"); RCW 42.30.020(2) (defining "governing body"). The Act defines "meeting", however, as only meetings where an "action" is taken there. See RCW 42.30.020(4) ("`meeting' means meetings at which action is taken"). The Act then defines an "action" as the "transaction of the official business of the agency". RCW 42.30.020(3). Some specific examples of "actions" are provided in the Act: "[T]he transaction of the official business of a public agency by a governing body including but not limited to receipt of public testimony, deliberations, discussions, considerations, reviews, evaluations, and final actions." RCW 42.30.020(3).[1]
Your question asks whether the presence of a quorum of the governing body at a third party's meeting by itself violates the Act, and we conclude that it does not. The fact that a quorum of the council members is present at the same time and place does not "automatically" mean that a "meeting" has occurred for purposes of the Act because an "action" must occur to trigger the Act. See In re Recall of Estey, 104 Wn.2d 597, 604,707 P.2d 1338 (1985). In Estey, the Supreme Court rejected proposed recall charges based on alleged violations of the Act because the charges did not sufficiently identify an action taken at a meeting. Similarly, in Eugster v. City of Spokane,118 Wn. App. 383,424,76 P.3d 741 (2003), the Court of Appeals explained the Act as applying when "(1) members of a governing body (2) held a meeting of that body (3) where that body took action". Id.
(emphasis added).[2]
We emphasize that whether the members take an "action" depends on if the particular circumstances fall within the "transaction of the official business" of the governing body. Examples of an "action" include members deliberating or discussing a decision they might eventually make. See, e.g., In re Recall of Beasley,128 Wn.2d 419, 908 P.2d 878 (1996) (discussions among school board members regarding contract issue would constitute "meetings"). Another express example of an "action" is when the members take a vote on a matter. RCW 42.30.020(3). "Action" includes "receipt of public testimony", so council members attending a third party's public meeting would need to consider whether they are receiving public testimony.[3]
 [original page 3] Even if some "action" takes place when council members attend some other entity's public meeting, the conclusion that the Act applies does not force the members to choose between attendance or violation of the Act. The Act requires that a meeting to which the Act applies be "open and public and all persons shall be permitted to attend". RCW42.30.030. If the gathering or event is in fact open to the public, as your question assumes, then even if the Act applies, council members may avoid violating the Act if proper advance notice is given, designating the third party's event as a "special meeting."
State law provides for calling a special meeting, setting forth certain requirements for a special meeting, including that (1) the meeting be called by the presiding officer (such as a chairman) or by a majority of the membership, and (2) notice be given personally or by mail delivery to all of the members, as well as to local media who have requested notice. RCW 42.30.080
(requirements for special meeting). The notice must designate the time and place and the business to be transacted, and final action cannot be taken as to any matter for which notice is not given. Id. Therefore, if the council is concerned that, given the nature of any particular gathering, public testimony, discussions, or some other action might take place, the council can designate it in advance as a "special meeting" for the purpose of complying with the Act and removing any doubt as to the legality of any action that might be taken there.
For these reasons, we conclude that the presence of a quorum of members of a city council or county council at a public event, gathering, or meeting does not trigger application of the Act unless the quorum takes an "action" by transacting official business of the city or county. We also conclude that when the Act applies to council members attending a third party's meeting, the council members do not violate the Act if the meeting is open to the public and if the governing body follows the requirements of the Act for giving notice of a special meeting.
We trust that the foregoing analysis will be helpful to you.
Sincerely,
ROB MCKENNA Attorney General
JAY DOUGLAS GECK Deputy Solicitor General
[1] The statute goes on to define the term "final action", but it is not necessary to consider that definition in order to respond to your question.
[2] Additionally, before a member of the governing body incurs personal liability for a violation, RCW 42.30.120(1) requires that the person act "with knowledge of the fact that the meeting is in violation" of the Act.
[3] It goes beyond your question to define what is, and is not, the taking of public testimony. We do not mean to suggest that council members "take public testimony" simply by attending a meeting with information that has general relevance to their council work. Whether council members are taking public testimony depends, at a minimum, on the type of official business facing the council and whether the third party's meeting falls within the concept of public testimony for purposes of the council's official business.